IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-03019-BNB

JOSEPH W. JEAN-LOUIS,

    Applicant,

v.

WARDEN DANIELS,

    Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 19 2010

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING APPLICANT TO FILE SECOND AMENDED PLEADING

---

Applicant is a prisoner in the custody of the United States Bureau of Prisons at the United States Penitentiary in Florence, Colorado. Applicant initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. On January 15, 2010, Applicant filed two different amended applications for a writ of habeas corpus pursuant to § 2241. The court must construe the amended applications liberally because Applicant is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Applicant will be ordered to file a second amended pleading.

The amended applications are deficient because Applicant fails to provide a clear statement of the claims he intends to assert in this action. In fact, it is not even clear whether Applicant is challenging the validity of his conviction and sentence or

whether he is challenging the execution of his sentence. In one of the amended applications, Applicant does not assert any claims for relief, although he does request as relief to be released from his sentence and to be granted a parole revocation hearing. In the other amended application, which is not signed by Applicant in violation of Rule 11(a) of the Federal Rules of Civil Procedure, Applicant asserts a claim that counsel was ineffective and he may be asserting another claim that relates to the voluntariness of a guilty plea.

Because it is not clear what claims Applicant is asserting in this action, he will be ordered to file a second amended pleading that includes a clear and concise statement of his claims along with a clear statement of the factual allegations that support each asserted claim. Applicant is advised that he must go beyond notice pleading in a habeas corpus action and that naked allegations of constitutional violations are not sufficient to state a habeas corpus claim. **See Ruark v. Gunter**, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam). Accordingly, it is

ORDERED that Applicant file **within thirty (30) days from the date of this order** a second amended pleading that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Applicant, together with a copy of this order, two copies of the following form: Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. It is

FURTHER ORDERED that if Applicant fails to file a second amended pleading that complies with this order within the time allowed, the action will be dismissed without further notice.

DATED January 19, 2010, at Denver, Colorado.

                          BY THE COURT:

                          <u>s/ Boyd N. Boland</u>
                          United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-03019-BNB

Joseph W. Jean-Louis
Reg No. 23345-048
US Penitentiary Florence
P.O. Box 7000
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241** to the above-named individuals on 1/19/10

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk